UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BING XU PRECISION CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> HIGH-TEK GROUP, <br><br> Defendant. | Civil Action No. 2:22-cv-00205 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Bing Xu Precision Co. Ltd. ("Bing Xu") files this Complaint against Defendant High-Tek Group ("High-Tek"), based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, alleging as follows:

**INTRODUCTION**

This matter involves Serial AT Attachment (SATA) interface patent (U.S. Patent No. 8,512,071 and U.S. Patent No. 8,758,044) infringed by High-Tek's SATA FFC Cable (the "High-Tek's SATA Connector"). SATA interfaces connect computer components to mass storage devices, such as hard drives and solid-state drives. SATA connectors allow for high-speed data-transfer. SATA connectors replaced PATA (Parallel AT Attachment) connectors that were slower and more likely to fail. SATA connectors are now in nearly every computer component with memory. Technology underlying the manufacture of SATA connectors is, in short, extremely valuable.

1

# I.

## THE PARTIES

1. Plaintiff Bing Xu Precision Co. Ltd. ("Bing Xu") is a Taiwanese company located at 8F., No. 153, Zhongyang Rd., Xindian Dist., New Taipei City 231, Taiwan.

2. Defendant High-Tek Group ("High-Tek") is a Taiwanese company located at 4F., No.16, Ln.50, Sec. 3, Nangang Rd., Nangang Dist., Taipei City, Taiwan.

# II.

## NATURE OF THE ACTION

3. This is an action for patent infringement.

4. Bing Xu is informed and believes and alleges that High-Tek has been and is currently infringing and/or actively inducing others to infringe claims of U.S. Patent No. 8,512,071 and U.S. Patent No. 8,758,044 ("the '071 Patent" and "the '044 Patent," or collectively "the Asserted Patents").

# III.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 *et seq*.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has at least specific personal jurisdiction over High-Tek because High-Tek has substantial contacts and conducts business in the State of Texas and in this District and has been infringing, contributing to the infringement of and/or

actively inducing others to infringe claims of the Asserted Patents in Texas and elsewhere.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and/or 1400(b) because a substantial part of the events giving rise to Bing Xu's claims occurred in the Eastern District of Texas and because High-Tek is subject to personal jurisdiction in the Eastern District of Texas.

## IV.

## FACTUAL BACKGROUND

9. The '071 and '044 Patents relate to a SATA connector assembly, described as an electrical connector assembly having a printed circuit board (PCB) with soldering holes interconnected to a plurality of contacts ("SATA Connector").

10. The SATA Connector is used to connect a flat flexible cable (FFC) to the motherboard in computer systems.

11. On August 20, 2013, the '071 patent, titled "Electrical Connector Assembly Having a Printed Circuit Board With Soldering Holes Interconnected to a Plurality of Contacts," was duly and legally issued by the United States Patent and Trademark Office to Ting-Chang Tseng and Wen-Lung Lin. A true copy of the '071 Patent is attached as **Exhibit 1**.

12. Ting-Chang Tseng and Wen-Lung duly assigned the '071 Patent to Bing Xu on February 10, 2012. Bing Xu is the owner of the '071 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action

and enforce the '071 patent against infringers, and to collect damages for infringement during all relevant times.

13. The '044 Patent is a continuation of the '071 Patent and claims a similar SATA connector assembly with differences in PCB and FFC limitations. On June 24, 2014, the '044 patent, titled "Electrical Connector Assembly Having a Printed Circuit Board With Soldering Holes Interconnected to a Plurality of Terminals and a Flat Flexible Cable," was duly and legally issued by the United States Patent and Trademark Office to Ting-Chang Tseng and Wen-Lung Lin. A true copy of the '044 Patent is attached as **Exhibit 2**.

14. Ting-Chang Tseng and Wen-Lung Lin duly assigned the '044 Patent to Bing Xu on February 10, 2012. Bing Xu is the owner of the '044 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '044 patent against infringers, and to collect damages for infringement during all relevant times.

15. Reproduced immediately below is "FIG. 3" from the '071 Patent and similar to FIG. 3 of the '044 Patent, annotated to identify the connector assembly, soldering holes, and contacts:

FIG.3 — Connector Assembly, Contacts, Soldering Holes

16. Bing Xu manufactures or licenses other companies to manufacture the SATA Connector claimed in the Asserted Patents. This SATA Connector is sold to various computer manufacturers who obtain the right to use the patented inventions in their computers by purchasing from Bing Xu or from an authorized manufacturer. Companies who do not obtain a license from Bing Xu do not have permission to manufacture or sell the patented SATA Connector.

17. Bing Xu is informed and believes and alleges that High-Tek has made, used, provided, supplied, distributed, sold, and/or offered for sale in the United States and in this district, SATA connectors that infringe the Asserted Patents, without authorization from Bing Xu and continues to do so now.

18. High-Tek has manufactured and sold to at least to Dell, SATA connectors that infringe the Asserted Patents and which are included in at least Dell's Inspiron Laptops.

5

19. As shown in more detail below, High-Tek's SATA Connectors include each and every limitation of at least claims 1 and 2 of the '071 and '044 Patents and therefore literally infringe these claims. Bing Xu reserves the right to assert infringement under the doctrine of equivalents in light of information learned during discovery or in view of this Court's claim construction order.

20. An image of High-Tek's SATA Connector found in Dell Inspiron 3552 HD laptops is shown below. High-Tek's SATA Connector includes an insulating housing, a plurality of power terminals, a printed circuit board, a flexible flat cable, and a cover; all of the same fundamental components claimed in the Asserted Patents.





21.     As annotated above, High-Tek's SATA Connector assembly shown at 1 includes an insulating housing shown at 10 having a plurality of grooves shown at 12 and 13, a plurality of data terminal holes shown at 133, and a plurality of power terminal holes shown at 123.



22.     As annotated above, High-Tek's SATA Connector assembly further includes a printed circuit board (PCB) shown at 40 having a plurality of first soldering

7

holes shown at 42, a plurality of second soldering holes shown at 43, a plurality of first contacts shown at 45 electrically connected to the first soldering holes shown at 42, and a plurality of second contacts shown at 46 electrically connected to the second soldering holes shown at 43.

23. Further, as annotated above, High-Tek's SATA Connector assembly includes a plurality of power terminals shown at 20 fastened in the grooves shown at 12 of the insulating housing shown at 10, respectively, the power terminals shown at 20 each having a mating portion shown at 23 inserted into each of the power terminal holes shown at 123, and the power terminals shown at 20 each having a soldering portion shown at 25 soldered in each of the first soldering holes shown at 42.

24. In addition, as annotated above, High-Tek's SATA Connection assembly includes a plurality of data terminals shown at 30 fastened in the grooves shown at 13 of the insulating housing shown at 10 respectively, the data terminals shown at 30 each having a mating portion shown at 33 inserted into each of the data terminal holes shown at 133, and the data terminals shown at 30 each having a soldering portion shown at 35 soldered in each of the second soldering holes shown at 43.





25.  Further, as annotated above, High-Tek's SATA Connector assembly includes an FFC (flexible flat cable) shown at 50 having an insulating layer shown at 501 for enclosing a plurality of first conductors shown at 55 and a plurality of second conductors shown at 56.  In the High-Tek' SATA Connector assembly, the PCB shown at 40 is secured to the insulating housing shown at 10, exposed ends of the first conductors shown at 55 are electrically connected to the first contacts shown at 45, and exposed ends of the second conductors shown at 56 are electrically connected to the second contacts shown at 46.



26.  In addition, as annotated above, in the High-Tek's SATA Connector assembly, a pitch shown at P45 between two adjacent first contacts shown at 45 is less than a pitch shown at P42 between any two adjacent first soldering holes shown at 42 of the PCB shown at 40, and a pitch shown at P46 between any two adjacent second contacts shown at 46 is less than a pitch shown at P43 between any two adjacent second soldering holes shown at 43 of the PCB shown at 40, as claimed in claim 2 of '071 Patent and similarly claimed in claim 2 of the '044 Patent.

## V.

## CLAIMS FOR RELIEF

### COUNT 1: INFRINGEMENT OF THE '071 PATENT

27. The allegations of Paragraphs 1-26 are repeated and realleged as if fully set forth in this Count I of the Complaint.

28. High-Tek continued, after notice of infringement and without authority, to make, use, sell, offer to sell, and/or import into the United States High-Tek's SATA Connector as shown above.

29. High-Tek thus has infringed and continues to infringe at least claims 1 and 2 of the '071 Patent literally and/or under the doctrine of equivalents.

30. High-Tek has also actively induced and will continue to actively induce the infringement of at least one claim of the '071 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting infringement of others (including Dell) through activities such as creating and/or distributing data sheets, requirements documents, assembly instructions and/or similar materials with instructions on creating, manufacturing, designing, assembling and/or implementing infringing products, with the specific intent to induce others to directly make, use, offer for sale, sell, and/or import into the United States products that fall within the scope of the '071 Patent, without license or authority from Plaintiff. On information and belief, High-Tek knows that the induced acts constitute infringement of the '071 Patent.

31. High-Tek individually, collectively, or through others or intermediaries, has contributorily infringed, and/or is contributorily infringing, at least one claim of

the '071 Patent by making, using, offering for sale, selling, and/or importing, material parts of the inventions claimed in the '071 Patent, which are not a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing the accused parts to be especially made or especially adapted for use in an infringement of the '071 claims.

32. High-Tek has had knowledge of the '071 Patent and its infringement at least as of October 14, 2016 when it was notified by Bing Xu. High-Tek's direct and indirect infringement of the '071 Patent has thus been committed with knowledge of the '071 Patent, making High-Tek liable for direct, indirect, and willful infringement.

33. High-Tek's infringement of the '071 Patent will continue to damage Bing Xu, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

34. Bing Xu has been damaged as a result of the infringing conduct by High-Tek alleged above. Thus, High-Tek is liable to Bing Xu in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

35. Bing Xu and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT 2: INFRINGEMENT OF THE '044 PATENT

36. The allegations of Paragraphs 1-35 are repeated and realleged as if fully set forth in this Count II of the Complaint.

37. High-Tek continues, after notice of infringement and without authority, to make, use, sell, offer to sell, and/or import into the United States High-Tek's SATA Connectors as shown above.

38. High-Tek thus has infringed and continues to infringe at least claims 1 and 2 of the '044 Patent literally and/or under the doctrine of equivalents.

39. High-Tek has also actively induced and will continue to actively induce the infringement of at least one claim of the '044 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others (including Dell) through activities such as creating and/or distributing data sheets, requirements documents, assembly instructions and/or similar materials with instructions on creating, manufacturing, designing, assembling and/or implementing the Accused Products, with the specific intent to induce others to directly make, use, offer for sale, sell, and/or import into the United States Accused Products that fall within the scope of the '044 Patent, without license or authority from Plaintiff. On information and belief, High-Tek knows that the induced acts constitute infringement of the '044 Patent.

40. High-Tek individually, collectively, or through others or intermediaries, has contributorily infringed, and/or is contributorily infringing, at least one claim of the '044 Patent by making, using, offering for sale, selling, and/or importing, material parts of the inventions claimed in the '044 Patent, which are not a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing the accused parts to be especially made or especially adapted for use in an infringement of the '044 claims.

41.     High-Tek has had knowledge of the '044 Patent and its infringement at least as of October 14, 2016 when it was notified by Bing Xu. High-Tek's direct and indirect infringement of the '044 Patent has thus been committed with knowledge of the '044 Patent, making High-Tek liable for direct, indirect, and willful infringement.

42.     High-Tek's infringement of the '044 Patent will continue to damage Bing Xu, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

43.     Bing Xu has been damaged as a result of the infringing conduct by defendant alleged above. Thus, High-Tek is liable to Bing Xu in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

44.     Bing Xu and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## VI.

## PRAYER FOR RELIEF

45.     **WHEREFORE**, Plaintiff Bing Xu asks this Court to enter judgment in its favor against High-Tek and grant the following relief:

46.     An adjudication that High-Tek has infringed and continues to infringe the '071 Patent and the '044 Patent;

47.     An accounting of all damages sustained by Bing Xu as a result of High-Tek's acts of infringement of the '071 Patent and the '044 Patent;

48. An award to Bing Xu of actual damages adequate to compensate Bing Xu for High-Tek's acts of patent infringement, together with prejudgment and post-judgment interest;

49. An award to Bing Xu of enhanced damages, up to and including trebling of Bing Xu's damages pursuant to 35 U.S.C. § 284 for High-Tek's willful infringement of the '071 Patent and the '044 Patent;

50. An award of Bing Xu's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of the case, or otherwise permitted by law;

51. A grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining High-Tek, and each of its agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with High-Tek, including related individuals and entities, customers, representatives, OEMs, dealers, and distributors from further acts of (1) infringement, and (2) active inducement to infringe with respect to the claims of the '071 Patent and the '044 Patent; and

52. Any further relief that this Court deems just and proper.

## VII.

## JURY DEMAND

Plaintiff Bing Xu requests a jury trial on all issues triable to a jury in this matter.

| | |
|---|---|
| DATE: June 15, 2022 | _/s/ J. Thad Heartfield_<br>J Thad Heartfield<br>The Heartfield Law Firm<br>2195 Dowlen Rd<br>Beaumont, TX 77706<br>State Bar No. 09346800<br>Telephone: 409-866-3318<br>Facsimile: 409-866-5789<br>Email: thad@heartfieldlawfirm.com<br><br>John F. Rabena<br>Email: jrabena@sughrue.com<br>William H. Mandir<br>Email: wmandir@sughrue.com<br>Fadi N. Kiblawi<br>Email: fkiblawi@sughrue.com<br>Young Sun Kwon<br>Email: ykwon@sughrue.com<br>SUGHRUE MION PLLC<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>Telephone: (202) 293-7060<br>Facsimile: (202) 293-7860 |